J-S40006-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESUS C. GARCIA | : | |
| | : | |
| Appellant | : | No. 2383 EDA 2023 |

Appeal from the PCRA Order Entered August 23, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0220721-1991

BEFORE: STABILE, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY STABILE, J.:          **FILED MARCH 31, 2025**

Appellant, Jesus C. Garcia, appeals *pro se* from the August 23, 2023, order of the Court of Common Pleas of Philadelphia County dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46. Before this Court, Michael I. McDermott, Esquire, has petitioned to withdraw as Appellant's counsel and filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).[1] We grant counsel's petition to withdraw

---

[1] Counsel seeks permission to withdraw pursuant to ***Anders***/***Santiago*** instead of ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988). ***See***, ***e.g.*** ***Commonwealth v. Wrecks***, 931 A.2d 717 (Pa. Super. 2007). However, because an ***Anders*** brief provides greater protection to the defendant, we
*(Footnote Continued Next Page)*

and affirm the order of the PCRA court dismissing the underlying PCRA petition.

The factual and procedural background of the instant appeal are not at issue. Briefly, following a jury trial, Appellant was convicted of first-degree murder, robbery, possession of an instrument of crime, and criminal conspiracy. On March 18, 1993, the trial court sentenced Appellant to an aggregate term of life imprisonment. *Commonwealth v. Garcia*, No. 1073 PHL 1993 (Pa. Super. filed April 12, 1994). Appellant did not seek discretionary review in the Pennsylvania Supreme Court.

On January 6, 1997, Appellant filed his first *pro se* PCRA petition. Counsel was appointed and filed an amended petition on August 18, 1997. The PCRA court dismissed it on December 16, 1997. Appellant appealed. We affirmed the PCRA court's dismissal on December 31, 1998. *Commonwealth v. Garcia*, 113 PHL 1998 (Pa. Super. filed December 31, 1998). Appellant filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which denied review on October 20, 1999. *See Commonwealth v. Garcia*, 745 A.2d 1218 (Pa. 1999) (table).

_____

may accept an *Anders* brief in lieu of a *Turner*/*Finley* letter. *See*, *e.g.*, *Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

Appellant did not file a response to counsel's petition to withdraw.

On July 28, 2010, Appellant filed his second PCRA petition, which he supplemented three times, the latest on April 3, 2017. On April 27, 2018, the PCRA court dismissed his petition as untimely. On appeal to this Court, we affirmed. **See Commonwealth v. Garcia**, No. 1540 EDA 2018, unpublished memorandum (Pa. Super. filed April 5, 2019).

On June 18, 2020, Appellant filed the underlying PCRA petition, followed by two supplemental petitions, in which he attempted to invoke the governmental interference and newly-discovered facts exceptions based on his discovery that officers involved in the investigation of his crimes had been accused of committing misconduct in other, unrelated cases.[2]

On August 23, 2023, the PCRA court found that Appellant's underlying petition was facially untimely and that it did not invoke an exception to the timeliness provisions of the PCRA. Accordingly, the PCRA court dismissed the petition. This appeal followed.

We first must determine whether counsel's brief meets the requirements of **Turner**/**Finley**.

_____

[2] The officers mentioned by Appellant are Detective Leon Lubiejeweski, Officer Adrian Makuch, Detective Jeffrey Piree, and Detective James Hughes. In support of his claims against Detective Lubiejeweski and Officer Makuch, Appellant relies on an internal memo of the Lifers Organization, an Innocence Project disclosure, and a Philadelphia Daily News article. In support of the claims against Detective Piree, Appellant relies on a federal civil complaint filed by John L. Miller against, *inter alia*, Detective Piree. Regarding Detective Hughes, Appellant relies on a conversation he had with an attorney, Michael Pileggi, who told him that Detective Hughes was being investigated and named as a defendant in federal civil lawsuits.

> A **Turner**/**Finley** brief must: "(1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless." **Commonwealth v. Knecht**, 219 A.3d 689, 691 (Pa. Super. 2019). Counsel also must contemporaneously send to the petitioner a copy of the brief, a copy of counsel's motion to withdraw, and a statement advising the petitioner of the right to proceed *pro se* or with privately retained counsel. **Widgins**, 29 A.3d at 818. If counsel satisfies the technical requirements, this Court must conduct its own review of the merits of the case. **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007). If we agree with counsel that the claims are without merit, we will allow counsel to withdraw and deny relief. **Id.**

**Commonwealth v. Mitchell**, 2024 WL 4024558 at *2, unpublished memorandum (Pa. Super. 2024).[3]

Here, counsel has substantially complied with the requirements of **Turner**/**Finley**. Counsel detailed his review of the record and concluded that Appellant's claims are meritless. He provided the brief to Appellant and advised him of his right to retain new counsel or proceed *pro se*. Counsel additionally provided Appellant with a copy of the petition to withdraw. Thus, we proceed to the issues counsel has identified.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

---

[3] We may cite to this Court's unpublished memoranda filed after May 1, 2019, as persuasive authority. Pa.R.A.P. 126(b).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008). Petitioners have the burden to plead and prove the applicability of the timeliness exceptions. Commonwealth v. Pursell, 749 A.2d 911, 914 (Pa. 2000).

It is undisputed that the underlying petition is facially untimely. Appellant's judgment of sentence became final on May 12, 1994, and a timely PCRA petition was due within one year of sentence finality, or May 12, 1995.[4]

_____

[4] As part of the 1995 amendments to the PCRA, a grace period permitted defendants whose convictions became final before the amendments' effective date (January 16, 1996) to file their first PCRA petition by January 16, 1997. *See Commonwealth v. Williams*, 828 A.2d 981, 987 n.9 (Pa. 2003). The instant petition is not Appellant's first, nor was it filed within the applicable grace period.

The present petition, which was not filed until June 18, 2020, is, therefore, facially untimely.

As noted above, Appellant argues that the underlying petition meets the newly-discovered facts and/or the governmental interference exceptions.

Regarding the first exception, this Court has explained:

The [newly-discovered] facts exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. . . . Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

. . . [A]s an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. *See* 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief under PCRA, petitioner must plead and prove by a preponderance of evidence that [the] conviction or sentence resulted from, *inter alia*, unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed [the] outcome of trial if it had been introduced).

. . . Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.

*Commonwealth v. Brown*, *G. L.*, 111 A.3d 171, 176 (Pa. Super. 2015) (some citations omitted).

The PCRA court addressed Appellant's contentions as follows:

[Appellant] attempted to satisfy the newly-discovered facts exception . . . by claiming [he] recently discovered that Detective Leon Lubiejewski and Philadelphia Police Officer Adrian Makuch

- 6 -

committed misconduct during the investigation of [his] case. In support, [Appellant:] i) referenced two unattached documents – an internal memo from the L.I.F.E.R.S. Organization and an Innocence Project Disclosure – both of which purportedly described [Detective] Lubiejewski as a corrupt police officer; and ii) attached a 2009 Daily News Article which described allegations against [Officer] Makuch resulting in his arrest.

At the outset, the only specific act of misconduct [Appellant] articulated is that [Detective] Lubiejewski manufactured [Appellant's] confession. [Appellant] failed, however, to demonstrate that the purported 'fact' that [Appellant's] confession was fabricated, if true, was previously unknown.[5] Furthermore, to the extent that [Appellant] is claiming that he was unaware of other improper police tactics prior to 2019, none of the information he presented substantiated the alleged 'fact' of malfeasance in his case.

First, [Appellant] did not attach either the L.I.F.E.R.S.' memo or the Innocence Project disclosure. Although the memo purportedly characterized [Detective] Lubiejewski as a 'corrupt police officer,' [Appellant] acknowledged that the memo 'failed to provide significant details concerning what happened and how it was uncovered.' Therefore, by [Appellant]'s own admission, the memo did not evidence any misconduct by [Detective] Lubiejewski.

[Second], [Appellant]'s declaration that the Innocence Project concluded that [Detective] Lubiejewski testified falsely in unspecified case(s) was equally deficient in evidencing misconduct. Thus, [Appellant]'s averment that he received vague details of wrongdoing did not substantiate the 'fact' of [Detective] Lubiejewski's misconduct in any specific case, much less his own.

[Finally], the Philadelphia Daily News article[, which] merely described allegations of criminal behavior by [Officer] Makuch unconnected to [Appellant]'s case, [does not qualify as a newly-discovered fact exception].

---

[5] Appellant does not explain how Detective Lubiejewski could have "manufactured" "his" confession given that he confessed to Detectives Graeber and Koscinski. *See* PCRA Court Opinion, 8/23/23, at 3 n.7; Commonwealth's Brief at 10.

Therefore, [Appellant] failed to satisfactorily invoke any prong of subsection 9545(b)(1)(ii).

PCRA Court Opinion, 8/23/23, at 1-2.

We agree with the PCRA court analysis and conclusions. Appellant, in fact, failed to meet his burden under the newly-discovered fact exception. Clearly, the fact that his confession was "manufactured" was not unknown to Appellant. Additionally, Appellant failed to show the relevance of these allegations in the context of his case. Although the timeliness exception set forth in Section 9545(b)(1)(ii) does not require a "'direct connection' between the newly-discovered facts and the claims asserted by a petitioner," there must be "some relationship between the two." **See Commonwealth v. Shannon**, 184 A.3d 1010, 1017 (Pa. Super. 2018). Here, Appellant did not establish any connection or explain how the "new facts," which consisted of reports of misconduct in unrelated cases, impacted or were related to Appellant's case. **See id.** Accordingly, Appellant has not satisfied the newly-discovered fact exception to the PCRA time bar.

We also note that the L.I.F.E.R.S. memo, the Innocence Project disclosure, and/or the Daily News article are insufficient to establish a newly-discovered fact exception:

> Our Supreme Court addressed a situation like the one in the case *sub judice* in **Commonwealth v. Castro**, 625 Pa. 582, 93 A.3d 818 (2014). In **Castro**, the petitioner relied upon a newspaper article to establish the newly-discovered fact exception to the PCRA's timeliness requirement. Our Supreme Court held that a newspaper "article contain[ed] allegations that suggest such

evidence may exist, but allegations in the media, whether true or false, are no more evidence than allegations in any other out-of-court situation." *Id.* at 825.

In . . . *Castro* . . . [our Supreme Court held that] the newspaper article [merely] referenced [what] could be evidence. *See id.* at 827. Thus, there [wa]s no fact within the [article], only information which could lead Appellant to discover facts.

*Commonwealth v. Brown*, *J.*, 141 A.3d 491, 502 (Pa. Super. 2016);

*Commonwealth v. Chamberlain*, 30 A.3d 381, 414 (Pa. 2011) (the proposed new evidence must be "producible and admissible.").

Additionally, as noted by counsel, the information provided by the sources relied by Appellant is not new, "because the L.I.F.E.R.S. Organization [internal memo] and the Innocence Project Disclosure were merely a compilation of other cited reports on the topic of homicide cases in the Commonwealth." *Anders* Brief at 8.

Finally, while the above documents discuss instances of alleged misconduct by the subject officers, the documents do not cite any admissions or conclusive findings of wrongdoing by the officers that may be linked to Appellant's case. *See Commonwealth v. Trivigno*, 2021 WL 3465926, at *4 (Pa. Super. filed August 6, 2021) (relying on *Commonwealth v. Chmiel*, 173 A.3d 617 (Pa. 2017)). *See also Anders* Brief at 8 ("the report was not an admission of wrongdoing as [Appellant] avers, but rather a compilation of cases and names of Philadelphia Police Personnel whose conduct in other unrelated cases asserted that some of their investigations may have been tainted by their misconduct.").

Accordingly, we conclude that Appellant has not satisfied the newly-discovered fact exception to the PCRA time bar.

Next, Appellant

attempted to establish the governmental interference exception[6] and/or newly discovered fact exception by claiming he recently discovered that Detective Piree engaged in misconduct in an unrelated case, as well as his own case, and the prosecutor suppressed this information in violation of **Brady**[7]. In support of [Appellant]'s claim, he referenced a federal civil complaint filed by John L. Miller against, *inter alia*, [Detective] Piree.

PCRA Court Opinion, 8/23/23, at 2-3 (citations and footnotes omitted).

The PCRA court rejected the claim, noting

[t]he *Miller* complaint did not, however, substantiate the 'facts' underlying [Appellant]'s **Brady** claim. Specifically, the complaint, which merely comprises a series of accusations, did not evidence either 'facts' of [Detective] Piree's alleged misconduct or the 'fact' that the prosecutor failed to disclose such misconduct in [Appellant]'s case.

PCRA Court Opinion, 8/23/23, at 3 (footnote omitted).

Additionally, Appellant

appears to be attempting to further invoke the governmental interference exception and/or newly discovered fact exception by averring that he recently discovered i) Detective James Hughes engaged in a pattern of misconduct in unrelated cases, as well as

_____

[6] To successfully invoke the governmental interference exception, Appellant must plead and prove the failure to previously raise the [underlying] claim was the result of interference by governmental officials, and that the information could not have been obtained earlier with the exercise of due diligence." **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008); **see also** 42 Pa.C.S.A. § 9545(b)(1)(i). A **Brady** violation may qualify as governmental interference if the above requirements are met. **Id.**

[7] **Brady v. Maryland**, 373 U.S. 83 (1963).

- 10 -

his own case. More precisely, [Detective] Hughes suppressed evidence of his innocence and made "misrepresentations," including testifying falsely about the circumstances of his interrogation; and ii) the Commonwealth withheld evidence of [Detective] Hughes' misconduct from the defense in violation of *Brady*. In support of these alleged "facts," [Appellant] asserts that an attorney, Michael Pileggi, relayed to him (at an unknown time and date) that [Detective] Hughes was being investigated and named [as] defendant in federal civil rights lawsuits.

PCRA Court Opinion, 8/23/23, at 3 (footnotes and citations to the record omitted).

The PCRA court addressed the above issue as follows:

Preliminarily, [Appellant] failed to present any evidence, whatsoever, to support the alleged "facts" underlying his claim. [Appellant] neglected to reasonably articulate what, exactly, the detective "misrepresented," much less provided any documentation indicating that [Detective] Hughes testified falsely.

Furthermore, [Appellant] failed to demonstrate how [Detective] Hughes' purported civil rights lawsuit in an unrelated matter comports to misconduct in his case. [Appellant]'s bald assertions are grossly insufficient to substantiate [Detective] Hughes' purported derelictions. Likewise, [Appellant] failed to provide any support or documentation capable of substantiating the prosecution's alleged *Brady* violation, much less that they were in possession of such alleged information. Therefore, [Appellant]'s mere speculation failed to satisfactorily invoke subsection 9545(b)(1)(i), and/or (ii) here, as well.

*Id.* 3-4 (footnote omitted).[8]

We agree with the PCRA court that Appellant failed to prove that the governmental interference exception applies to the instant matter.

_____

[8] The PCRA court also noted that the record shows that Detective Hughes was not involved in the investigation of Appellant's crimes. *Id.* at 3 n.7. *See also* Commonwealth's Brief at 10.

- 11 -

Additionally, we note that even if the claims were timely, Appellant would not be able to show that the alleged suppression of evidence qualifies as a *Brady* violation.

As our Supreme Court has explained:

> To establish a *Brady* violation, an appellant must prove three elements: (1) the evidence at issue is favorable to the accused, either because it is exculpatory or because it impeaches; (2) the evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice ensued. *Commonwealth v. Lambert*, 884 A.2d 848, 854 (Pa. 2005). We stress that the burden rests with the appellant to "prove, by reference to the record, that evidence was withheld or suppressed by the prosecution." *Commonwealth v. Porter*, 728 A.2d 890, 898 (Pa. 1999). The evidence at issue must have been "material evidence that deprived the defendant of a fair trial." *Commonwealth v. Johnson*, 815 A.2d 563, 573 (Pa. 2002).

*Commonwealth v. Spotz*, 47 A.3d 63, 84 (Pa. 2012).

As to *Brady* claims advanced under the PCRA, a defendant must demonstrate that the alleged *Brady* violation

> so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *See Commonwealth v. Copenhefer*, 719 A.2d 242, 259 (Pa. 1998). . . . "[T]he mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense*." United States v. Agurs*, 427 U.S. 97 (1976).

*Commonwealth v. Ly*, 980 A.2d 61, 76 (Pa. 2009).

For example, the "suppressed evidence" was inadmissible because the existence of lawsuits against an officer is not admissible at trial or at an evidentiary hearing under the hearsay rule. *See* Pa.R.E. 801(c). As such, it

- 12 -

would not be the basis for a *Brady* violation. *See*, *e.g.*, *Lambert*, 884 A.2d at 857.

Additionally, Appellant failed to show prejudice from the Commonwealth's alleged conduct. To satisfy the prejudice inquiry, the evidence suppressed must have been material to guilt or punishment. *Commonwealth v. Gibson*, 951 A.2d 1110 (Pa. 2008). "Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability, in turn, is a probability sufficient to undermine confidence in the outcome." *Commonwealth v. Paddy*, 800 A.2d 294, 305 (Pa. 2002) (internal citations and quotation marks omitted). Evidence of the detective's misconduct in an unrelated case would not be material to Appellant's guilt or punishment. As such, it would not qualify as a *Brady* violation. Because Appellant has not satisfied the requirements necessary to establish a *Brady* claim as outlined in *Spotz* and *Ly*, *supra*, nor has he established materiality of the evidence as explained in *Gibson* and *Paddy*, Appellant is not entitled to any relief based on a *Brady* claim.

After conducting our independent review, we agree with PCRA counsel that there is no basis for relief for Appellant. Accordingly, we affirm the PCRA court's dismissal of Appellant's petition, and we grant counsel's petition to withdraw.

Petition to withdraw as counsel granted. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/31/2025